**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
Lynchburg Division**

| | |
|---|---|
| In re MAHLON G. ENGLISH and CARMELA ENGLISH, | ) Case No. 08-60172-LYN )  ) |
| Debtors, | ) ) |

## MEMORANDUM ON OBJECTIONS TO CLAIMS

This matter comes before the Court on three objections to claims filed by Mahlon English and Carmela English ("the Debtors"). The objections will be overruled.

### *Jurisdiction*

This court has jurisdiction over this matter. 28 U.S.C. §§ 1334(a). This is a core proceeding. 28 U.S.C. § 157(b)(2)(A). Accordingly, this court may render a final order. This memorandum shall constitute the Court's findings of fact and conclusions of law as directed by Fed.R.Civ.P. 52 which is made applicable in this contested matter by Fed. R. Bankr. P. 9014(c) and 7052.

### *Facts*

On January 29, 2009, the Debtors filed the above-styled chapter 13 petition with the Clerk of the Bankruptcy Court. The Debtors scheduled an unsecured debt owing to creditor Ginny's in the amount of $744.00. The debt was not marked as disputed. The proof of claim was in the amount

1

of $744.95. The claim was designated as claim no. 9 by the Clerk of the Court. The Debtors also scheduled an unsecured debt owing to creditor Swiss Colony in the amount of $159.00. The debt was not marked as disputed. The proof of claim was in the amount of $159.94. The claim was designated as claim no. 10 by the Clerk of the Court. The Debtors also scheduled an unsecured debt owing to creditor Seventh Avenue in the amount of $312.00. The debt was not marked as disputed. The proof of claim was in the amount of $312.43. The claim was designated as claim no. 12 by the Clerk of the Court. Ginny's, Swiss Colony, and Seventh Avenue are referred to herein collectively as "the Creditors".

Each of the Creditors filed a proof of claim through the same agent, Creditors Bankruptcy Service. In each case, the amount of the claim was less than $1.00 more than the amount scheduled by Debtors. The Debtors filed an objection to each of the claims on the following grounds: "No supporting documentation. No evidence of contract, itemized statements, etc. Debt may [be] barred by the Statute of Limitations."

In response to the objections, each of the three Creditors filed an amended proof of claim to which was attached a transaction history of the account. The Debtors declined to withdraw the objections to claims and the matter came on for hearing. After argument, the Court took the matter under submission.

## *Discussion*

The Debtors object to the Creditors' proofs of claim on the grounds that there is no supporting documentation, that there is no evidence of contract, that there are no itemized statements, and that the debt may be barred by the Statute of Limitations. The written objections are essentially based on two grounds: (1) inadequate documentation; and (2) a violation of the

2

statute of limitations. At the hearing on this matter, the Debtors also accused the creditors and/or their agent of committing fraud.

A.

A creditor may file a proof of claim[1]. 11 U.S.C. § 501(a). A proof of claim is a written statement setting forth a creditor's claim. Fed.R.Bankr.P. 3001(a). When a claim is based on a writing, the original or a duplicate shall be filed with the proof of claim. Fed.R.Bankr.P. 3001(c). If the original has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim. Id.

The burden is originally on the creditor to file the proof of claim. A claim, proof of which is filed under Section 501, is presumed to be prima facie valid and will be allowed unless a party in interest objects. 11 U.S.C. § 502(a). In order to be deemed prima facie valid, a proof of claim must be supported by documentation as required by Rule 3001(c).

The failure of a creditor to provide documentation merely serves to deprive the claim of its prima facie validity. In re Lasky. 364 B.R. 385 (Bankr. C.D.Cal.2007) (check citation). This conclusion represents the majority view in the reported decisions. See In re Andrews, 394 B.R. 384, 389 (Bankr. E.D.N.C. 2008). There are no specific requirements for documentation for unsecured claims, other than submitting a writing, if the debt is based on a writing.

1. Claim Not Supported by Documentation

If the proof of claim *is not supported* by the requisite documentation, it is not presumed to be prima facie valid. If the presumption does not arise, the debtor need only object to the claim

---

[1] A proof of claim is a written statement setting forth a creditor's claim, which writing must conform substantially to official Form 10. Fed.R.Bankr.P. 3001(a). In chapter 13 cases and chapter 7 cases, a creditor must file a proof of claim in order to receive a distribution from property of the estate. See Fed.R.Bankr.P. 3002(a).

3

pursuant to the applicable rules.  In re Tran, 369 B.R. 312, 318 (S.D.Tex. 2007).

The objection, however, must be based on some *good faith* ground other than the proof of claim is not supported by documentation.

> The objection based on the lack of documentation is not sufficient basis to disallow the proof of claim.  While the proof of claim form requires documentation, the failure to provide documentation does not mean that the debtors do not owe the money to the creditors.

In re Canlas, 08-10688-RGM (Bankr. E.D.Va. 2008).

Rule 3001(c) does not provide the debtor with an independent basis for objecting to a proof of claim.

> The grounds for the disallowance of a proof of claim are specifically listed in 11 U.S.C. § 502 not in the Bankruptcy Rules. Therefore, it is not enough for the Chapter 13 debtor to merely complain that the proof of claim filed by a creditor lacks sufficient documentation under the Bankruptcy Rules, the debtor must also assert a grounds for disallowance under § 502, as for example, by contesting the amount claimed to be owed.

In re Simms, 2007 WL 4468682, *2 (Bankr. N.D.W.Va. 2007).  Also see In re Heath, 331 B.R. 424 (9th Cir. B.A.P. 2005) ("Noncompliance with Rule 3001(c) is not one of the statutory grounds for disallowance.").

In In re Dove Nation, 318 B.R. 147 (8th Cir. B.A.P. 2004), the Eighth Circuit Bankruptcy Appellate Panel discuss the relationship between 11 U.S.C. §§ 501-502 and Fed.R.Bankr.P. 3001(c). The Court concluded:

> Section 502 of the Bankruptcy Code governs the allowance and disallowance of claims filed against bankruptcy estates. Neither procedural rules nor instructional language on official forms overrides clear statutory language. Therefore, the court properly overruled the Debtor's objections to claims based solely on grounds not recognized by Section 502 of the Code. Accordingly, we AFFIRM the bankruptcy court order overruling the Debtor's objections to the Claimant's claims.

Id., 318 B.R. at 153.  Also see this Court's memorandum in In re Meadows, 06-62050 (Bankr. E.D.Va.2009)  (Where there is *no actual dispute*, it is irrelevant whether the creditor includes

4

documentation with the proof of claim). An objection to claim requires a *good faith* basis on the grounds provided in Section 502.

If a creditor files a proof of claim that is not supported by the requisite documentation, the debtor's objection will be deemed to have been filed in bad faith (1) if the debtor has scheduled the debt in an amount equal to or greater than the proof of claim and not marked the claim as disputed; or (2) if the debtor has no reason to believe that the basis of the objection is true.

If a debtor schedules a claim in the same amounts as the proofs of claim and does not mark any of the claims as disputed on the schedules, she has admitted under the penalty of perjury that the claim exists in the amount as scheduled. In re Bohrer, 266 B.R. 200, 201 (Bankr. N.D. Cal. 2001) ("Statements in bankruptcy schedules are executed under penalty of perjury, and when offered against the debtor [the statements] are eligible for treatment as judicial admissions.") (Citing In re Gervich, 570 F.2d 247, 253 (8th Cir.1978).

When a debtor schedules a debt as undisputed in the same amount as the proof of claim, any objection to the lack of documentation is belied by the debtor's own sworn statement. When the debt is so scheduled, the claim will be allowed in an amount equal to, or greater than, the lesser of the amount of the claim and the scheduled amount. Any objection to claim that comports with a claim scheduled by the Debtor as undisputed is filed *per se* in bad faith. If a debtor schedules a claim as undisputed, and later decides, in *good faith,* to object to the proof of claim, that debtor may timely file an amended schedule marking the claim as disputed and then file a timely objection to the proof of claim. This is not an invitation to mark claims as disputed as a matter of course.

A second instance in which an objection to a proof of claim may be deemed to be filed in bad faith is when the debtor has no reason to believe that the basis of the objection is true. If the Debtor

files an objection to an undocumented claim, she may be required to provide some evidence that there are good faith grounds for the objection.

    2. Claim Supported by Documentation

If the proof of claim *is supported* by the required documentation, the presumption of validity may be overcome by the objecting party only if it offers evidence of equally probative value in rebuttal. In re Holm, 931 F.2d 620, 623 (9th Cir. 1991); In re Fullmer, 962 F.2d 1463, 1466 (10th Cir. 1992); In re Allegheny International, Inc., 954 F.2d 167, 173-74 (3rd Cir. 1992). Also see In re Thompson, 260 B.R. 484, 486-487 (Bankr. W.D.Mo. 2001). (An objection to a proof of claim must be supported by sufficient evidence to rebut the creditor's presumptive validity.) Such evidence must be sufficient to demonstrate *a true dispute* and must have probative force equal to the contents of the claim. 9 Collier on Bankruptcy, "Proof of Claim", ¶ 3001.09[2] (15th ed. rev.) (Citing In re Wells, 51 B.R. 563 (D.Colo. 1985) and In re Unimet Corp., 74 B.R. 156 (Bankr. N.D. Ohio 1987).

If the debtor offers such evidence, the burden shifts back to the creditor to produce evidence meeting the objections and establishing the claim. In re Knize, 210 B.R. 773, 779 (Bankr. N.D.Ill. 1997). If a debtor files an objection to a prima facie valid proof of claim and does not provide evidence in support of the objection, the filing may be deemed to be in bad faith.

B.

The Debtors first object to the claims on the grounds that the proofs of claim are not supported by documentation. The objection is presented as a separate basis for disallowing the claims. The Debtors further imply that the documentation should include evidence of an agreement and an itemized statement of account. Each of the creditors filed an amended claim that included

6

a statement of account, but the debtor did not withdraw any of the objections, or concede either of the bases on which the objections were made.

The objections to the proofs of claim on the grounds that they contain no supporting documentation will be overruled for three reasons: (1) the Debtors scheduled each of the claims in substantially the same amounts as the proofs of claim and did not mark any of the claims as disputed on the schedules; (2) the Debtors did not assert any independent ground for dismissal other than the lack of documentation; and (3) the supporting documentation that was filed with the amended proofs of claim is prima facie sufficient to support the proofs of claim and the debtor has proffered no evidence in rebuttal.

First, the Debtors scheduled each of the claims in substantially the same amounts as the proofs of claim and did not mark any of the claims as disputed on the schedules. When this occurs, the debtor has admitted under the penalty of perjury that the claim exists in the amount as scheduled. Any objection to the lack of documentation is belied by a debtor's own sworn statement. When a debtor schedules a debt as undisputed in the same amount as the proof of claim, the claim will be allowed in an amount equal to the lesser of the amount of the claim and the scheduled amount.

Second, in addition to objecting to a lack of documentation, a debtor must assert independent *good faith* grounds for dismissal concerning the existence, amount, or character of the claim. The Debtors have not made any such argument in conjunction with the assertion that the proofs of claim are not supported by documentation.

In this case, the debtors do not dispute the existence of the claim, nor do they dispute the amount of the claim. In the absence of such an assertion[2], an objection on the grounds of insufficient

---

[2] The Debtors in this case have asserted the affirmative defense that the debt is barred by the statute of limitations. This objection is discussed below.

7

documentation is no more than an invitation to litigation where no dispute exists. An objection based on lack of documentation increases costs of litigation without furthering the administration of the estate.

Third, the documentation filed by each of the Creditors is sufficient to support its proof of claim. When a claim is based on a writing, or is secured by property of the estate, the original or a duplicate shall be filed with the proof of claim. Fed.R.Bankr.P. 3001(c).

The issue becomes "What writings or supporting documents are necessary to support a valid prima facie claim?" The general answer, is a writing must support the existence and amount of the claim and, if applicable, the priority or secured character of the claim. The specific answer may be different in each case. A cardholder agreement may be sufficient to support the existence of a debtor-creditor relationship between the parties. A monthly statement may be sufficient to support both the existence of the debtor-creditor relationship and the amount of the debt.

In Thompson, the creditor filed a proof of claim with an attached billing statement that provided the account number, balance due, the closing date of the statement, and the minimum payment due. The chapter 7 trustee filed an objection to claim on the grounds that the claim contained "no documentation showing the calculation of the amount of the claim or lacks sufficient documentation from which such calculation can be determined." The creditor filed an amended proof of claim and attached the same billing statement. The court held that the claim as originally filed met the requirement that the proof of claim be supported by documentation and that the original objection was baseless unless the trustee possessed evidence that the debtors had not incurred the debt.

In Thompson, the trustee did not object to the proof of claim on the grounds that the claim

8

was barred by the statute of limitations. Had the trustee had reason to do so, and done so, the Court may have required the creditor to file additional evidence such as an account statement sufficient to demonstrate that a transaction had taken place on a date sufficient to avoid running afoul of the statute of limitations.

The Debtors cite In re McCarthy, 04-104493-SSM (Bankr. E.D.VA. 2004) in support of their assertion that the documents attached to the Creditors' proofs of claim are insufficient. In McCarthy, the attached documents contained only the information provided on the face of the proof of claim. The attached documents in the case at bar include that information plus detailed transaction histories reaching back to 2000, 2001, and 2003. Each transaction is readily understandable as to its character, amount, and date of occurrence. The Court concludes that this documentation is sufficient to meet the requirement in Rule 3001.

The Debtors argue that the creditors should be required to provide a copy of the actual billing statement. To do so would require the creditors to provide essentially the same information that they have already filed, but in a different format. Such a requirement would only add transaction costs to a process that in many instances concerns very small amounts.[3] To require the creditors in those cases to provide duplicate information in an alternate format would simply make no sense.

It is concluded that a writing that includes a detailed transaction history over a reasonable period of time is sufficient to support a proof of claim for an unsecured debt. A detailed transaction history is one that includes all individual transactions and postings, including charges, payments, interest, and fees. A reasonable time period may be as little as a single month, but may be longer in some cases. Such a document will suffice to support both the existence and amount of the

---

[3] For example, in the dispute before the court two of the claims average less than $250.00 each.

9

alleged claim, unless the objecting party comes forward with evidence sufficient to rebut the presumption.

C.

The Debtor also objects to the proofs of claim on the grounds that they are barred by the statute of limitations. An assertion that a claim should be denied because it was raised after the statute of limitations has expired is an affirmative defense in Virginia. See Restaurant Co. v. United Leasing Corp., 271 Va. 529, 628 S.E.2d 520 (2006). Proof of claim based on a stale claim will be deemed allowed, unless affirmative defense of statute of limitations is raised in a filed objection. Andrews, 394 B.R. at 388.

The Debtors have raised the affirmative defense that the claim is barred by a statute of limitations. The Debtors have failed to provide any law or assert any facts that would support such a defense.

An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. Va. Code § 8.2-725 (1). The record indicates that in the case of each account, the last charge against each account was made less than three years from the date that the Debtors filed their petition. The objection on this ground is overruled.

D.

Finally, counsel for the Debtors asserted in court that the creditors have committed fraud and fraud on the court. The allegation is based on the single fact that the documentation for two of creditors indicates that the Debtors, or one of them, made two purchase on November 22, 2005. The Debtors assert that the charges must have been contrived by the agent for the creditors, the implication being that the probability of the Debtors making the last purchase on each account on

the same date is small. But, as noted by counsel for the Creditors, it would not be unusual for a person to make two purchases on the same date at the beginning of the Christmas shopping season.

The evidence indicates not that the Creditors or their agent committed fraud, but rather that the Debtor made two holiday purchases on the same date. The probability of a debtor making two purchases on the same date by telephone or through the internet is far from small. Without any further evidence, such as testimony by the Debtors under penalty of perjury that they never made a purchase from Ginny's or Seventh Avenue, the allegation is unfounded and insufficient to support the objection.

### *Conclusion*

The purpose of the claims litigation scheme is to join disputes only where a dispute actually exists and to do so in the most efficient manner possible. A number of rules have developed through the Bankruptcy Code, the Bankruptcy Rules, and judicial opinions to foster this purpose.

A claim will be allowed if a proof of claim is filed and no objection is filed to that proof of claim, whether or not supporting documentation is filed by the creditor. If a claim is filed with the requisite supporting documentation, the claim will be deemed to be prima facie valid. If a creditor files a proof of claim, and the debtor schedules the claim and does not indicate that it is disputed, the claim will be allowed in the lesser of the two amounts, unless the parties join the dispute over the differential between those two amounts. If a debtor schedules a claim as undisputed, and later decides in *good faith* to object to the proof of claim, that debtor may timely file an amended schedule marking the claim as disputed and then file a timely objection to the proof of claim.

An objection to a proof of claim must include a basis for the objection. It is not sufficient to file an objection on no grounds or on the grounds that the proof of claim is not supported by

documentation. If the proof of claim is supported by documentation, the objection to claim must not only state a basis for the objection, it must also be supported by evidence of equal or greater weight than that supporting the proof of claim.

If a debtor files an objection to a proof of claim on the grounds that the claim is barred by the statute of limitations and the proof of claim is supported by documentation sufficient to raise the presumption that the proof of claim is prima facie valid, the debtor must provide evidence that the claim is so barred. That evidence must be sufficient to overcome any evidence provided by the creditor, such as documentation attached to the proof of claim. It cannot be emphasized enough that an objection to a proof of claim, even a proof of claim for which no supporting documentation has been filed, must be based on grounds arising from a *good faith* belief.

In the case at bar, the Creditors have provided documentation that the Court deems sufficient to support a prima facie claim. The Debtors have provided no evidence in rebuttal. The objections to the proofs of claim based on the lack of documentation will be overruled. Further, because the Debtors have provided no evidence supporting the objection on the grounds that the claims are barred by the statute of limitations, the objections on that basis will also be overruled.

An appropriate order shall issue overruling each of the objections to the proofs of claim.

Upon entry of this Memorandum the Clerk shall forward a copy to the chapter 13 trustee, Matthew D. Huebschman, Esq., and to Stephen E. Dunn, Esq.

Entered on this 23rd day of September, 2009.

_____
William E. Anderson
United States Bankruptcy Judge